### HOSIE COTTON v. THE STATE.

No. 4118.   Decided May 19, 1909.

Rehearing Denied June 23, 1909.

**1.—Local Option—Statement of Facts—Filing.**

Where upon appeal the appellant filed the proper certificate showing that the statement of facts was filed in the time allowed by statute, the statement will be considered.

**2.—Same—Evidence—Bills of Exception.**

Where upon appeal the record showed that the testimony set out in appellant's bill of exceptions was admitted, there was no error.

**3.—Same—Charge of Court—Election by State.**

Where upon trial of a violation of the local option law the evidence showed that the defendant sold the whisky practically at one and the same time, there was no error in the court's refusal to require the jury to say upon what transaction they found defendant guilty.

**4.—Same—Charge of Court—Intent—Practicing Physician—Prescription.**

Where upon trial of a violation of the local option law the evidence showed that the defendant sold straight whisky, and a physician subsequently put medicine in the whisky for the prosecuting witness, there was no error in the court's refusal to instruct the jury as to defendant's good faith in selling liquor under a prescription of a practicing physician.

Appeal from the County Court of Bosque. Tried below before the Hon. P. S. Hale.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*H. S. Dillard,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

The Assistant Attorney-General moves to strike out the statement of facts in this case on the ground that same was not filed in the court below. Upon an examination same discloses no file mark upon the statement of facts. Accordingly the motion to strike out is sustained. In the absence of statement of facts there is nothing in this record requiring a review.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

#### June 23, 1909.

BROOKS, JUDGE.—This case on a previous day of this term was affirmed. At that time the record contained no statement of facts, hence there was nothing authorizing a reversal thereof, nor anything that could be seriously considered. However, appellant has filed proper certificate showing that statement of facts was filed in the time allowed by statute, and the case now comes before us on motion for rehearing.

Bill of exceptions No. 1 complains that while the defendant was upon the witness stand in his own behalf he was asked by his counsel, after he had described the contents of the four quarts of liquor purchased by the witness, R. L. Martin, and especially with reference to the quart filled under Dr. Powell's prescription, if he believed at

the time he sold it this compound was intoxicating, and whether or not he intended at the time he made the sales to said Martin to sell intoxicating liquors. The State objected on the ground that the defendant's intention in making the sale or sales was immaterial and irrelevant. If permitted to answer the witness would have said that said compound was not intoxicating, and it was not his intention to sell an intoxicating liquor if the same was intoxicating. The court explains the bill by stating that defendant was permitted by the court to testify that he did not believe that the four quarts of liquid he sold R. L. Martin were intoxicating. This disposes of appellant's bill of exceptions.

Bill of exceptions No. 2 complains that the court erred in refusing to give appellant's special charge to the jury to the effect that if they found defendant guilty to state in their finding which one of the four transactions they found him guilty of. There was no error in this ruling of the court. Appellant sold the four quarts of whisky practically at the same time, or at least it was not error for the jury not to be instructed as requested by appellant.

Special charge No. 1 was covered by the main charge of the court.

Special charge No. 2 refused by the court, in substance, asked the court to instruct the jury that if defendant in good faith believed that the liquor sold was not an intoxicating liquor, but a medical compound to be used in cases of actual sickness under the prescription and the direction of a regular practicing physician, find the defendant not guilty. The evidence suggests no such issue. Appellant sold straight whisky and the doctor subsequently put medicine in the whisky for the prosecuting witness, and there was no error in the refusal of the court to give the special charge asked by appellant.

There is no error in this record authorizing a reversal of the judgment and the motion for rehearing is in all things overruled.

                                                        *Overruled.*